## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

|   |   |
|---|---|
| In re:<br>    Jill C. Sarcia,<br>        *Debtor* | Case No.: 23-30344 (AMN)<br>Chapter 13<br><br>Re: ECF No. 64 |

## MEMORANDUM OF DECISION GRANTING STAY RELIEF TO PERMIT MOVANT TO PURSUE DEFAMATION CLAIM IN STATE COURT

William Paul Bugbee ("Movant") was not scheduled as a creditor or party in interest in this Chapter 13 case, nor listed in Jill C. Sarcia's ("Debtor") list of creditors when the case commenced in 2023. As a result, the Clerk did not serve the Movant with notice of the bankruptcy case or important deadlines including a deadline to file a proof of claim.

The Debtor successfully confirmed her Chapter 13 Plan on May 24, 2024. ECF Nos. 34, 57. The Chapter 13 Plan provides the Debtor will pay a 15.96% dividend to unsecured, non-priority creditors. ECF No. 34, p. 6. The Chapter 13 Plan also provides that only creditors with allowed proofs of claim will be paid by the Chapter 13 Trustee. ECF No. 34, p. 2.

On January 26, 2024, the Movant commenced a civil suit against the Debtor in the Connecticut Superior Court, alleging one or more tort claims in the nature of slander and defamation, without first seeking relief from the automatic stay. MMX-CV24-5016654, *Bugbee v. Sarcia* ("State Court Case."). As noted, the Movant was not initially informed of the bankruptcy. Now, having been advised of the pendency of the bankruptcy case and the existence of the automatic stay provided by 11 U.S.C. § 362(a), the Movant seeks relief to pursue the defamation and slander claims against the Debtor. ECF Nos. 64

1

("Stay Relief Motion"); see 11 U.S.C. § 1328(a)(4).  Restitution or damages awarded in the State Court Case in the future, if any, might not be discharged in this Chapter 13 case if they result from a willful or malicious injury by the Debtor.

The Debtor timely objected to the Stay Relief Motion.  ECF No. 72.  Subsequently, the Movant filed a document titled, "Creditor's Objection to Discharge of Debt Pursuant to 11 U.S.C. § 1328(a)(4)."  ECF No. 82.[1]  The Debtor and the Movant filed memoranda addressing the applicability of Bankruptcy Code § 1328(a)(4).  ECF Nos. 88, 89.  The Movant is self-represented.

## Facts

After learning of the State Court Case, the Debtor amended her bankruptcy "Schedule E/F: Creditors Who Have Unsecured Claims" to add the Movant as a creditor holding a disputed, unliquidated unsecured claim and to identify the State Court Case.  ECF No. 43.  On March 5, 2024, the Clerk served the Movant with a Notice of Deadlines that included deadlines to file a proof of claim, to file a motion under Bankruptcy Code § 1328(f) objecting to the Debtor's discharge, to file a complaint to determine the dischargeability of a debt under Bankruptcy Code §§ 523(a)(2) or (4), and to file an objection to the Debtor's list of claimed exemptions.  ECF No. 46.  The Movant did not file a proof of claim, an objection, or a motion or complaint under the above-mentioned sections.  Notably, however, the Notice of Deadlines did not include a deadline for the Movant to file a complaint under Bankruptcy Code § 1328(a)(4) to determine the dischargeability of a debt for restitution, or damages, awarded in a civil action against the

---

[1]     A motion seeking a determination regarding the dischargeability of a debt must be filed as a complaint, commencing an adversary proceeding.  Fed.R.Bankr.P. 7001.

2

debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual.

Unlike Bankruptcy Code §§ 523(2) and (4), a debt is not excepted from discharge in a Chapter 13 case pursuant to § 523(6) unless the debtor receives a hardship discharge. See 11 U.S.C. §§ 523(a), 1328(a)(2) and (b); Fed. R. Bankr. P. 4007(b) ("A complaint other than under § 523(c) may be filed at any time.") See also In re Ang, 589 B.R. 165, at *171 n.4 (Bankr. S.D. Cal. 2018); In re Toste, BAP No. EC-13-1266-TaJuKu, 2014 WL 3908139, at *3, (9th Cir. BAP Aug. 12, 2014) (explaining that the creditor's § 523(a)(6) claim was "not ripe for adjudication" and "the bankruptcy court lack jurisdiction to adjudicate the claim" because the debtors did not request a hardship discharge). In lieu of § 523(6) which applies in a Chapter 7 case, § 1328(a)(4) provides similar relief in Chapter 13 to what is otherwise available in other bankruptcy chapters under § 523(6).[2] Under bankruptcy chapters 7, 11, and 12, there is a time limit to bring a nondischargeability action pursuant to § 523(6). 11 U.S.C. § 523(c)(3); Fed.R.Bankr.P. 4007(c). Since § 523(a)(6) is inapplicable to this Chapter 13 case and § 1328(a)(4) does not place a similar time limit as § 523(c)(3) does in other chapters, the Movant is not required to seek nondischargeability of a debt by a specific deadline. See In re Ang, 589 B.R. at *172 (noting that the plaintiff was not required to file a complaint pursuant to § 1328(a)(4) by the deadline to challenge the dischargeability of debts under §§ 523(a)(2) and (a)(4) included in the notice of the bankruptcy filing sent by the court).

---

[2] *Compare* 11 U.S.C. § 523(a)(6) ("this title does not discharge an individual debtor from any debt...for willful and malicious injury by the debtor to another entity or to the property of another entity.") *with* 11 U.S.C. § 1328 ("the court shall grant the debtor a discharge of all debts ... except any debt ... for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.")

3

The Movant filed the present Stay Relief Motion on September 18, 2024, seeking permission to continue litigating the pending State Court Case, among other relief. ECF No. 64. To grant this relief – permission to continue a case started in violation of Bankruptcy Code § 362(a), even though the Movant was not initially served with notice of this case – the court would need to annul the stay. 11 U.S.C. § 362(d). Alternatively, if annulment were not warranted here, the court would need to consider whether prospective relief from stay, permitting the Movant to file a new complaint against the Debtor in state court, is appropriate under Bankruptcy Code § 362(d)(1).

## Applicable Law

**A. Litigation Commenced in Violation of the Automatic Stay is Void pursuant to 11 U.S.C. § 362(a)**

"In the Second Circuit, actions commenced or continued in violation of the stay are void ab initio." *In re Sklar*, 626 B.R. 750, 761 (Bankr. S.D.N.Y. 2021) (citing *Church Mut. Ins. Co. v. Am. Home Assur. Co. (In re Heating Oil Partners, LP)*, 422 F. App'x 15, 18 (2d Cir. 2011); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) ("The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.")). An action commenced in violation of an automatic stay is void even if the acting party did not have notice of the bankruptcy. *In re Sklar*, 626 B.R. at 761 (citing *Hearst Magazines v. Stephen L. Geller, Inc.*, No. 08 Civ. 11312, 2009 WL 812039, at *1 (S.D.N.Y. Mar. 24, 2009)).

Some courts find actions in violation of the automatic stay to be voidable rather than void. If an offending action is voidable, the action can take effect if it is not objected to by a debtor. The latter approach puts the burden of challenging the action on the

offended debtor. This court, like others in this circuit, finds that the importance of the automatic stay to protect a debtor warrants treating actions taken in violation of an automatic stay as void. *In re Sklar*, 626 B.R. at 761; 3 Collier on Bankruptcy ¶ 362.12[1] (citing *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969 (1st Cir. 1997), and *Schwartz v. United States* (In re Schwartz), 954 F.2d 569 (9th Cir. 1992)).

### B. Annulment of the Automatic Stay or Retroactive Relief from the Stay

Here, it is useful to compare the operation and effect of termination of the stay which grants prospective relief going forward with annulment which has the effect of granting retroactive relief. The separate types of relief from stay listed in § 362(d) – as relevant here, including termination and annulment – are different in their operation and effect. *In re Sklar*, 626 B.R. at 762 (quoting *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998)).

An order terminating a stay permits a movant to re-initiate or begin a lawsuit, but does not affect actions commenced and litigated in violation of the stay which remain void ab initio. *In re Sklar*, 626 B.R. at 762 (citing *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169 (2d Cir. 1998). By contrast, an annulment of the stay reaches back in time to validate proceedings that violated the automatic stay and would otherwise be deemed void ab initio. *In re Sklar*, 626 B.R. at 762 (citing *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169 (2d Cir. 1998).

"When a creditor inadvertently violates the automatic stay in ignorance of a pending bankruptcy, courts sometimes have afforded retroactive relief. ... By like token, debtors who act in bad faith may create situations that are ripe for retroactive relief." *In re Crichlow*, No. 24-41819-ESS, 2024 WL 4657949, at *7 (Bankr. E.D.N.Y. Oct. 31, 2024)

5

(citing *In re Soares*, 107 F.3d 969, 977 (1st Cir. 1997) (internal citations omitted)). The party moving for retroactive relief has the burden to make a *prima facie* showing of cause. *In re Uchitel*, 2022 WL 3134217, at *10. *See In re WorldCom, Inc.*, 325 B.R. 511, 521 (Bankr. S.D.N.Y. 2005) (observing that "[t]he party moving for the retroactive lifting of the stay has the burden to make a prima facie showing of cause for relief"). And courts have advised that "a request for retroactive relief from the automatic stay should be granted sparingly." *Chimera Capital, L.P. v. Nisselson (In re Marketxt)*, 428 B.R. 579, 585 (S.D.N.Y. 2010). Accordingly, "retroactive relief should be the long-odds exception, not the general rule." *In re Sklar*, 626 B.R. 750,763 (Bankr. S.D.N.Y. 2021) (citing *In re Soares*, 107 F.3d 969, 977 (1st Cir. 1997)).

Courts in the Second Circuit analyze factors set forth in *In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001) ("*Stockwell* Factors") when considering retroactive relief:

(1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay;
(2) if the debtor has acted in bad faith;
(3) if there was equity in the property of the estate;
(4) if the property was necessary for an effective reorganization;
(5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation;
(6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and
(7) if the creditor has detrimentally changed its position on the basis of the action taken.

*In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001). *See also In re Uchitel*, No. 20-11585, 2022 WL 3134217, at *14-*20 (Bankr. S.D.N.Y. Aug. 4, 2022) (applying the Stockwell Factors when considering whether retroactive stay relief is appropriate.)

### C. Relief from Stay to Pursue Non-Bankruptcy Litigation

Bankruptcy Code § 362(d)(1) authorizes the bankruptcy court to grant relief from the automatic stay for cause, although the Code does not define "cause." 11 U.S.C. §

6

362(d)(1). To determine whether there is cause to continue or pursue non-bankruptcy litigation courts consider the factors enumerated in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280 (2d Cir. 1990) (the "*Sonnax* Factors"). Generally, the *Sonnax* Factors relevant here include,

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> . . .
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> . . .
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> ……
>
> *Sonnax Indus., Inc. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

*See also In re Breitburn Energy Partners LP*, 571 B.R. 59, *64 (Bankr. S.D.N.Y. 2017). Not every factor will be relevant in every case nor is the court required to give equal weight to each factor. *In re Fleming*, No. 19-51611, 2020 WL 3816282, at *3 (Bankr. D. Conn. July 2, 2020).

### D. Non-dischargeability under 11 U.S.C. § 1328(a)(4)

Bankruptcy Code § 1328(a)(4) excludes from discharge any debts "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." Notably, unlike Bankruptcy Code § 523(a)(6) which applies in a Chapter 7 case, under § 1328(a)(4) a movant need only show that the act resulting in damages was malicious *or* intentional. By contrast, § 523(a)(6) requires a creditor to establish the Debtor's conduct was malicious *and* intentional.

7

Courts in the Second Circuit have held that "personal injury" within the meaning of 11 U.S.C. § 1328(a)(4) is not limited to bodily injury and does include defamation. *In re Deluty*, 540 B.R. 41, 47 (Bankr. E.D.N.Y. 2015) ("construing 'personal injury' to include non-physical injuries, such as emotional distress and defamation, is consistent with other constructions of 'personal injury' in bankruptcy related provisions of the U.S.Code.")

To establish a defamation claim under Connecticut common law, a plaintiff must show: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Gleason v. Smolinski*, 319 Conn. 394, 430-31 (2015) (quoting *Gambardella v. Apple Health Care, Inc.*, 291 Conn. 620, 627–28 (2009)). "Each statement furnishes a separate cause of action and requires proof of each of the elements for defamation." *Gleason*, 319 Conn. at 431. To recover punitive damages, a plaintiff must prove actual malice. *Gambardella*, 291 Conn. at 628.

## Discussion

After review of the record and the arguments presented by the Movant and counsel for the Debtor, the Stay Relief Motion will be granted in part, with conditions. Because the Movant failed to meet his burden of proof to show the circumstances of this case fall within the narrow group of cases justifying an annulment of the automatic stay, retroactive relief from stay will not be granted. Because the Movant did meet his burden of proof to allege he holds a claim that if successful might result in a determination by the state court that the Debtor defamed him, causing him harm, and that such defamation was malicious, prospective relief from stay will be granted.

### A. Non-dischargeability under 11 U.S.C. § 1328(a)(4)

If the Movant obtains a judgment against the Debtor in state court based on his allegations of defamation, and if the state court awards punitive damages based on a finding the offending action was malicious, he may satisfy the "malicious or intentional" requirement of Bankruptcy Code § 1328(a)(4). As noted earlier, under Bankruptcy Code § 1328(a)(4), a debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual," is not discharged in a Chapter 13 case.

The Debtor argues the term "awarded" in the context of 11 U.S.C. § 1328 means, "a judgment must have entered in a civil proceeding prior to the filing of a petition under Chapter 13 for § 1328(a)(4) to be applicable." ECF No. 88. Although there are courts in various judications who have upheld this notion, the Second Circuit has not. *See In re Byrd*, 388 B.R. 875, 877 (C.D. Ill. 2007) ("[O]nly restitution or damages "awarded" in a civil action against the debtor are potentially non-dischargeable at the completion of payments in a Chapter 13 case. Thus, a pre-petition award of restitution or damages for willful or malicious injury is a prerequisite to a finding of non-dischargeability under § 1328(a)(4)."); *In re Nuttall*, 2007 WL 128896 (D. N.J. Jan. 11, 2007) ("[T]he plain language of the statute requiring that the debt be "awarded" means that the debt is subject to discharge until there has been a determination of liability….").

The court agrees the term "awarded" in § 1328(a)(4) does not require a pre-petition award of damages. To hold otherwise would suggest Congress meant to allow a debtor to discharge an otherwise non-dischargeable obligation by filing a bankruptcy petition, for example, right after trial but before a judgment entered. *See In re Taylor*, 388 B.R. 115,

120 (Bankr. M.D. Pa. 2008) ("When § 1328(a)(4) is interpreted within the overall grammatical structure of § 1328(a) it is plain that the statute does not intend to differentiate between a judgment entered before and one entered after a bankruptcy petition is filed …. [A] debtor could easily defeat a creditor's efforts to obtain a non-dischargeable debt by filing a petition immediately before judgment was entered."); *In re Hilgartner*, No. 20-10695-BFK, 2020 WL 6875960, at *3 (Bankr. E.D. Va. Aug. 5, 2020) ("[T]he term 'awarded' does not necessarily require a pre-petition award of damages. The word standing alone could mean either 'previously awarded' or 'to be awarded,' or both.")

The court concludes it is plausible the Movant may establish the necessary elements for a finding of non-dischargeability pursuant to 11 U.S.C. § 1328(a)(4) based on a state court defamation judgment.[3]

### B. Applying the Stockwell Factors – Retroactive Relief from the Stay

Applying the relevant *Stockwell* Factors to determine whether the Movant met his burden to show annulling the stay is warranted here, I conclude *Stockwell* Factors one, two, five, and six weigh against annulling the stay.

#### a. Factor 1 and 2: If the Movant had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay and if the debtor has acted in bad faith

Factor one weighs in favor of annulling the stay, while factor two weighs against. The record reflects the Movant was not served with any notice of the bankruptcy case or notified of any deadlines until approximately eleven months following the Petition Date. However, the fact that the Movant received no notice cannot alone be the determining

---

[3] The court notes that if the statute of limitations period in the state action had not yet expired on the date of the bankruptcy filing, then the period does not expire until the later of 30 days after notice of termination or expiration of the stay. 11 U.S.C. § 108(c).

10

factor for retroactive relief. The Movant has not shown the Debtor's failure to list or schedule the Movant initially was in bad faith. Moreover, the Debtor amended her schedules to add the Movant as a party in interest approximately one month after the commencement of the State Court Case – a time frame which does not indicate an attempt to keep the Movant unaware of the bankruptcy. The Debtor also has no history of multiple bankruptcy filings that could evidence an attempt to frustrate creditors.

Further, there is nothing on the record to indicate that the Debtor had advance notice of the Movant's claim in the State Action. There was no pending litigation by the Movant against the Debtor on the Petition Date. Finally, there is no evidence that the Movant was omitted intentionally from the Creditor Matrix.

On this record, this consideration does not weigh in favor of granting retroactive relief to annul the stay.

### b. Factor 5: If grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation

Factor five requires an analysis of the *Sonnax Factors* to assess whether stay relief would hypothetically be appropriate if the Movant sought it prior to violating the stay. For the reasons discussed in the following section, the court finds that stay relief is appropriate and likely would have been appropriate had the Movant sought it prior to the stay violation. However, while factor five weighs in favor of annulling the stay, this determination alone is not strong enough to justify retroactive relief.

### c. Factor 6: If failure to grant retroactive relief would cause unnecessary expense to the Movant

A consequence of denying annulment of the stay would be the Movant would need to again pay the state court filing fees for refiling and serving a summons and complaint.

However, compared to the importance of the automatic stay, the court is unconvinced this expense rises to the level requiring the court grant the extraordinary relief of annulment of the stay.

### C. Relief from the Stay to Restart the State Action

Since the State Court Case is void against the Debtor and retroactive relief is not warranted, the court may alternatively terminate the automatic stay, allowing the Debtor to re-start the state proceeding by filing a new complaint. To determine whether such relief is appropriate the court must apply the *Sonnax* Factors.

#### a. Factor 1 and 10: Whether relief would result in a partial or complete resolution of the issues and the interests of judicial economy and the expeditious and economical resolution of litigation

Terminating the automatic stay would permit the Movant to file a new complaint and litigate his defamation claim against the Debtor in state court. If the Movant is unsuccessful in a state action, then the matter will be completely resolved, there will be no claim, and the issue of dischargeability of a claim in bankruptcy will not arise. If, however, the Movant prevails in a new state court case by obtaining a judgment against the Debtor determining that she caused harm to the Movant and that the conduct was willful or malicious, then the question of whether such a judgment is non-dischargeable under Bankruptcy Code § 1328(a)(4) may return to the bankruptcy court.

It is important to note the bankruptcy court may lack the authority to hear or determine a defamation claim. Personal injury tort and wrongful death claims must be tried in the district court pursuant to 28 U.S.C. § 157(b)(5). While some courts consider defamation a "personal injury tort" within the confines of the statute, others do not. *See e.g., In re Gawker Media LLC*, 571 B.R. 612, 625 (Bankr. S.D.N.Y. 2017) ("the Court

concludes that the "personal injury tort" exception to core jurisdiction set forth at 28 U.S.C. § 157(b)(2)(B) is limited to claims involving bodily injury, physical trauma and/or a severe "psychiatric impairment beyond mere shame and humiliation…."); *In re Stewart*, 649 B.R. 755, 760 (Bankr. N.D. Ill. 2023) (holding defamation to constitute personal injury tort under 28 U.S.C. § 157(b)(5)).

### b. Factor 2 and 7: Lack of any connection with or interference with the bankruptcy case and whether litigation in another forum would prejudice the interests of other creditors

Litigation of the Movant's claim in state court will not interfere with the bankruptcy case. The Debtor already confirmed a Chapter 13 Plan. ECF No. 57. Any hypothetical judgment that is deemed non-dischargeable will not be required to be treated in the Plan and should not directly affect the bankruptcy, will not prejudice the estate, nor prejudice the interests of other creditors.

The court concludes that the *Sonnax Factors* weigh in favor of granting the Motion.

Accordingly, it is hereby

ORDERED: The Motion for Relief from Stay, ECF No. 64, is GRANTED IN PART AND DENIED IN PART; and it is further

ORDERED: The State Court Case, known as *Bugbee v. Sarcia,* MMX-CV24-5016654 is void because it was commenced at a time when the automatic stay applied, and the automatic stay is not annulled; and it is further

ORDERED: The Movant William Bugbee is allowed to commence a new state court action against the Debtor Jill Sarcia based upon allegations of defamation and slander, only, and to pursue a state court judgment. However, the Movant may not enforce any resulting state court judgment against Jill Sarcia, her property or the

bankruptcy estate in this case without first commencing an adversary proceeding in this court and obtaining a judgment of this court determining any state court judgment is excepted from the bankruptcy discharge pursuant to 11 U.S.C. § 1328(a)(4).

Dated this 14th day of March, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut